UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| AARON HOLLON, | ) CASE NO. 1:16-CV-828-TSB |
| Plaintiff, | ) |
| v. | ) JUDGE TIMOTHY S. BLACK |
| PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., | ) JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE AND DISMISSAL WITH PREJUDICE |
| Defendant. | ) |

## I. INTRODUCTION

Plaintiff Aaron Hollon ("Plaintiff") and Defendant Paramount Residential Mortgage Group, Inc. ("Defendant"), respectfully move this Court to approve the Parties' proposed Settlement Agreement and General Release ("Agreement") resolving Plaintiff's claims in this lawsuit, including, amongst other claims, a claim for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), and dismiss this Action with prejudice. The Parties' proposed Agreement is attached hereto as **Exhibit A**.

As set forth more fully below, following several months of informal discovery exchanges and non-collusive, arms-length negotiations, the Parties respectfully submit that they have achieved a settlement in this Action that is fair and reasonable, and that satisfies all of the criteria for this Court's approval under the FLSA. (Declaration of Jason R. Bristol ("Bristol Dec.") at ¶ 13-18, attached hereto as **Exhibit B**).

## II. FACTUAL BACKGROUND

### A. The Action

On August 9, 2016, Plaintiff filed this Action alleging unpaid overtime and retaliation claims under the FLSA. (Doc. #:1). Defendant did not file an Answer, but

instead, obtained three Court-approved extensions of time to move or plead in order for the Parties to engage in active and productive settlement negotiations. (Doc. #: 5-7). Notwithstanding the fact that it did not file an Answer, Defendant disputed Plaintiff's material allegations, both as to fact and law, and denied any and all liability to Plaintiff.

### B. Informal Exchange of Discovery & Settlement Negotiations

Between August and November of 2016, the Parties engaged in a comprehensive investigation of Plaintiff's claims and exchange of information, including, but not limited to, Plaintiff's payroll documents, timesheets, and other business records related to Plaintiff's wages and hours. (Bristol Dec. at ¶ 11). The Parties submit that their investigation and exchange of information was sufficient to allow for counsel to evaluate their respective claims and defenses, and to make appropriate recommendations regarding the resolution of this Action. (*Id.* at ¶ 12).

Following their investigation and exchange of information, the Parties engaged in extensive informal settlement negotiations, including discussing their positions on the claims and defenses and exchanging their calculations of the alleged overtime and other damages. On January 27, 2017, after extensive, good-faith bargaining, the Parties ultimately achieved a settlement of this Action on the terms set forth in the Agreement. (Doc. #: 8). The Parties concluded that an amicable resolution was preferable, taking into serious account the cost and time associated with the Action as well as the uncertainty and risks inherent in any further litigation.

### C. Settlement Terms

The Parties' agreed to a gross settlement amount of $20,000.00. (Exhibit A, ¶ 2). Upon this Court's approval, Defendant will pay to Plaintiff the gross amount of $12,920.70, and to Plaintiff's attorneys' the gross amount of $7,079.30. (*Id.*) The Parties submit to this Court that, based upon their damages calculations, Plaintiff is being paid all of the money allegedly owed to him, and as such, the amount of money he is receiving is fair with respect to his claims. (Bristol Dec. at ¶ 13-16).

### III. APPLICABLE LAW & PROPRIETY OF COURT APPROVAL

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Padilla v. Pelayo*, No. 3:14-cv-305-TMR, 2015 WL 4638618, at *1 (S.D. Ohio Aug. 4, 2015) (quoting *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008)). "The central purpose of the FLSA is to protect covered employees against labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Id.* (quoting 29 U.S.C. § 202 (internal quotations omitted)). The FLSA's provisions are mandatory, and in general, they may not be bargained or waived, except under two circumstances. *Brooklyn Sav.Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982). The circumstance relevant here authorizes federal district courts to approve settlements of FLSA lawsuits, like this Action, brought in federal district court pursuant to § 216(b) of the FLSA. *Id.*

In reviewing a proposed FLSA settlement, the district court must scrutinize the proposed settlement and determine whether it is a fair and reasonable resolution of a

*bona fide* dispute over the FLSA's provisions. *See Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). To do so, district courts consider several factors, including: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement. *Padilla*, 2015 WL 4638618, at *1 (citing *Gen. Motors Corp.*, 497 F.3d at 631). Additionally, where the settlement proposes an award of attorneys' fees, these fees must be reasonable. *See id.* (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

### A. The Agreement Satisfies the FLSA

#### 1. No Indicia of Fraud or Collusion

The Parties' counsel each have extensive experience litigating FLSA claims, including actions claiming unpaid overtime compensation. (Bristol Dec. at ¶ 2-7). The Settlement Agreement was achieved after months of extensive, good-faith negotiations between the Parties. (*Id.*) During the course of these negotiations, the Parties concluded that there were serious questions that would cast doubt on the ultimate outcome of the litigation, and it was not possible to predict how a trier of fact would decide the Parties' bona fide dispute over whether Plaintiff did, in fact, perform work in excess of 40 hours per week, and if so, how many hours over 40 hours per week he worked – especially in light of the Parties' conflicting time records with respect to Plaintiff's work for Defendant. (*Id.*) Under such circumstances, a presumption of fairness attaches to the Parties' proposed Agreement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354. There is no evidence of fraud or collusion that would undermine this presumption here.

## 2. **The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval**

Although this Action is not a collective action, the case is complex in that it involves allegations of unpaid overtime and retaliation under the FLSA. Here, the Parties dispute, among other things, the accuracy of Plaintiff's claimed overtime hours per workweek, the accuracy of Plaintiff's time and attendance records, and whether Plaintiff reported to Defendant that he was owed alleged unpaid overtime wages. (Bristol Dec. at ¶ 16). Litigating these issues any further would require costly and protracted litigation, including, but not limited to, formal written discovery, several costly depositions, motion practice, a potential trial, and countless hours of preparation and related legal costs. A settlement, on the other hand, provides substantial relief to Plaintiff promptly and efficiently. As such, this factor favors this Court's approval of the Agreement.

## 3. **Amount of Discovery/Investigation of Claims was Sufficient to Allow the Parties to Act Appropriately**

The Parties engaged in extensive investigation prior to entering into settlement negotiations. This investigation involved the review and exchange of various documents, including, but not limited to, Plaintiff's payroll documents, timesheets, other business records related to Plaintiff's wages and hours, and the Parties' respective analyses of Plaintiff's timesheets and their computations of Plaintiff's alleged damages. (Bristol Dec. at ¶ 11-12). It also included interviews of Plaintiff, the Branch Manager of Defendant's location where Plaintiff worked, and a Human Resources Manager of Defendant. (*Id.*) The legal issues presented in the case were also thoroughly researched by counsel for the Parties and all aspects of this dispute were well-understood by both sides. (*Id.*) Based on the foregoing, the Parties submit to the Court that their investigation and

exchange of information was sufficient to allow their counsel to evaluate the Parties' respective claims and defenses and to make appropriate recommendations regarding the resolution of this Action.

### 4. **Risks of Litigation and Uncertainty of Recovery Supports Approval**

Counsel for the Parties recognize that litigation entails uncertainty and risk in terms of costs, duration, and result. While Plaintiff believes that if litigation were to continue, he would prevail on his claims, Defendant disputes liability, and contends that Plaintiff was properly paid for all of his overtime hours. (Bristol Dec. at ¶ 16). Additionally, the range of recovery is in dispute, and Defendant will most likely raise affirmative defenses to Plaintiff's claims raising additional uncertainty with regard to the outcome of this case. For instance, Plaintiff argues that liquidated damages apply to his claims, but Defendant contends that it will be able to successfully put forth a good faith argument that would deny liquidated damages.

The Parties' Agreement provides Plaintiff substantial monetary relief in light of these risks. This benefit outweighs the time, expense, and risk it would take to continue to litigate this Action to judgment. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Further, based on the various issues in dispute and the uncertainty of the outcome of Plaintiff's claims, the Parties' agree that the amount Plaintiff is receiving pursuant to the Agreement represents a reasonable compromise.

### 5. **The Public Interest Further Supports Approval**

Finally, a swift and fair resolution of this dispute is in the public interest. If forced to continue to litigate, the Parties would necessarily waste the judicial resources of this

Court. Continued litigation will also drive up attorneys' fees on both sides without necessarily increasing any award for Plaintiff. In the end, both the Parties, and the public, would benefit from an early resolution of this matter.

### B. Settlement Amount & Attorneys' Fees are Fair, Reasonable, and Adequate

The Parties' proposed Agreement also includes a payment for Plaintiff's attorneys' fees and costs. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The purpose of this provision is to ensure "effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (internal quotation marks omitted). In calculating the fee award, the Court should not put undue emphasis on the amount of the plaintiff's recovery because an attorney fee award in a FLSA case "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 1134-35 (internal quotation marks omitted) (alteration in original). The Court has the discretion to use either the lodestar method or a percentage of the settlement fund to award attorney fees. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516-17 (6th Cir. 1993). Regardless of how the award is calculated, the final amount must be reasonable. *Id.* at 516.

To evaluate whether the amount of an award is reasonable, courts consider: "(1) the value of the benefit rendered for the class, (2) society's stake in rewarding attorneys who produce such benefits, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of the attorneys involved." *Kritzer v.*

*Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) (citing *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)).

All of these factors militate in favor of granting the award of attorneys' fees pursuant to the Parties' proposed Agreement.  By all accounts, Plaintiff has been represented by experienced, competent and zealous counsel since filing suit.  Plaintiff's counsel has reviewed voluminous timesheets and other wage and hour data, which gave the Parties a better understanding of the strengths and weaknesses of their respective positions.  Furthermore, absent this settlement, continued litigation would require much more discovery and briefing, possibly a trial, and even an appeal.  Plaintiff's counsel took this matter on a contingency basis, and as such, would have had to litigate each of these stages without any promise of success and compensation and, at every step, Defendant could have succeeded.  Plaintiff's counsel resolved this case early and efficiently, rather than prolonging the litigation and increasing their fees, which would have provided no real benefit to Plaintiff.  Under these circumstances, this Court should approve the award of attorneys' fees as set forth in the Agreement.

**IV.    CONCLUSION**

For all of the reasons set forth above, the Parties respectfully request that this Court approve the settlement in this Action by entering the proposed Order Approving Settlement and Dismissal of Action With Prejudice (attached hereto as **Exhibit C**).

Respectfully submitted, this 24th day of February, 2017.

        **COHEN ROSENTHAL & KRAMER LLP**

        /s/ Jason R. Bristol
        Jason R. Bristol (0072989)
        Joshua B. Fuchs (0087066)
        The Hoyt Block Building – Suite 400

700 West St. Clair Avenue
Cleveland, Ohio 44113
Telephone: (216) 781-7956
Fax: (216) 781-8061
jbristol@crklaw.com
jfuchs@crklaw.com

**JASON P. MATTHEWS, LLC**

Jason P. Matthews (00073144)
130 West Second Street, Suite 924
Dayton, Ohio 45402
Telephone: (937) 608-4368
Fax: 1 (888) 577-3589
jason@daytonemploymentlawyers.com

*Counsel for Plaintiff*


**FISHER & PHILLIPS LLP**

<u>/s/ Mathew A. Parker</u>
Mathew A. Parker (0093231)
250 West Street, Suite 400
Columbus, Ohio 43215
Telephone: (614) 453-7608
Fax: (614) 221-1409
mparker@fisherphillips.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 24, 2017, a copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE** has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Mathew A. Parker*
Mathew A. Parker (0093231)